FREDERICK HAEGELE, Appellant, v. E. MALLINCKRODT, Respondent.

1. *Revenue — Ordinance for macadamizing street — Certified tax bill — Evidence.*—An ordinance which simply authorizes the macadamizing of a particular street between given points, without furnishing any directions as to the manner of doing the work, is insufficient to sustain an action by a city contractor on a certified tax bill against the owner of property adjoining the street so improved. (See Shechan v. Gleeson, *ante*, p. 100.)

Under the act of 1860 (Adj. Sess. Acts 1859–60, p. 383), plaintiff in such a suit might make out a *prima facie* case, independent of the ordinance, by putting in evidence the tax bills; but under the act of 1866 (Sess. Acts 1866, p. 296) the tax bill would not be even *prima facie* evidence of the validity of the claim, but only of the fact that the work had been done as claimed

*Appeal from St. Louis Circuit Court.*

This was a suit by a city contractor against the owner of adjoining property, on three special tax bills issued by the city of St. Louis for the improvement of Destrehan street, by virtue of city ordinance No. 5853. Said ordinance is as follows:

[No. 5853.]

AN ORDINANCE FOR THE IMPROVEMENT OF DESTREHAN STREET, FROM NORTH SECOND STREET TO THE MISSISSIPPI RIVER.

*Be it ordained by the City Council of the city of St. Louis:* SECTION 1. The city engineer is hereby authorized and instructed to cause Destrehan street, from North Second street to the Mississippi river, to be graded and macadamized.

37—VOL. XLVI.

SEC. 2. The sum of two thousand dollars is hereby appropriated to defray the cost of grading, payable out of the New Limit Fund of the Tenth Ward; and the cost of macadamizing shall be assessed as a special tax against the property fronting on said street, in accordance with law.

Approved July 3, 1866.

*L. & F. Gottschalk,* for appellant.

I. The court below erred in excluding ordinance No. 5853, offered by plaintiff. This ordinance was alleged in the petition, and was excluded by the court for the reason that it was void, in that it omitted to ordain what material was to be used for macadamizing. This omission did not make the ordinance void, but only made it incomplete, and plaintiff had the right to show that another ordinance covered this omission. But by excluding this ordinance, which was the authority to do this work, plaintiff was debarred from introducing any evidence.

II. The court erred in preventing plaintiff from showing, by witness Bischoff, city engineer, that the only way of macadamizing known in St. Louis was the way in which it was done, and what was universally understood by the term "macadamizing" in St. Louis. (1 Greenl. Ev. 332, § 292, 12th ed.; 2 Greenl. Ev. 222.)

III. The special tax bills were proven and in evidence, and this made a *prima facie* case for plaintiff. (City, to use of Lohrum, v. Coons, 37 Mo. 44; City, to use of Stadler, *v.* Armstrong, 38 Mo. 29; City, to use of Creamer, v. Oeters, 36 Mo. 456.) The difference in the language of the law of 1860 and 1866 is immaterial, as both say that such special tax bills shall be *prima facie* evidence "of the liability of the person therein named as the owner of such property."

*Krum, Decker & Krum,* and *Schulenberg,* for respondent.

I. A party relying upon a city ordinance must set it forth in his pleading, otherwise he can not offer it in evidence on trial. (Mooney v. Kennett, 19 Mo. 555.) There was no foundation laid in plaintiff's petition for the introduction of any ordinance other than No. 5853.

II. The macadamizing of the street can only be done in such manner, to such extent, of such dimensions, and of such material, as shall be provided by ordinance. If the ordinance fails to provide for these, it fails to comply with the charter. (Ruggles v. Collier, 43 Mo. 353 ; City, to use of Murphy, v. Clemens, 43 Mo. 395, and cases cited.)

CURRIER, Judge, delivered the opinion of the court.

The decision made at the last March term of this court, in Sheehan v. Gleeson, disposes of most of the questions arising upon this record. The main difference between the two cases consists in this : that in the case referred to, the general as well as the special ordinance bearing upon the issues was pleaded and shown by the record ; whereas the special ordinance alone appears here. The present suit is based upon city ordinance No. 5853, which simply authorizes the macadamizing of a particular street between given points, without furnishing any directions as to the manner of doing the work. That was left to the discretion of the engineer for aught the ordinance shows. The insufficiency of such an ordinance for the purposes contemplated was recognized in Sheehan v. Gleeson ; but that case was helped out by the provisions of the general ordinance prescribing the materials and directing the manner of macadamizing. But that ordinance, as already remarked, is not in the present record, and we can not take judicial notice of its existence. The case, as it stands, falls within the principle of the decisions in Ruggles v. Collier, and City to use of Murphy v. Clemens, 43 Mo. 353 and 395. The Circuit Court correctly held that ordinance 5853, apart from the general ordinance, was insufficient to sustain the plaintiff.'s suit. But the plaintiff insists that he had made a *prima facie* case, independently of the ordinances, by putting in evidence the certified special tax bills sued on. That would have been so under the act of 1860 (Adj. Sess. Acts 1859–60, p. 383), which provided that the certified tax bill should be received as *prima facie* evidence of the validity of the claim, as well as of the fact that the work had been done. That particular provision was repealed in 1866, and a very different clause submitted in its place. By the

act of 1866 (Sess. Acts 1866, p. 296), it is provided that the certified tax bill shall be *prima facie* evidence, not of the validity of the claim, but of the fact that the "work," etc., had been done as claimed. This change in the structure of the law makes it evident that the Legislature intended to change the prior statutory rule of evidence in such cases, thereby leaving the party claimant to make proof of the existence of a valid and sufficient ordinance or ordinances in the usual way. Under the act last referred to, a certified tax bill is not evidence on that point.

The judgment must be affirmed. The other judges concur.